1  Brian R. Strange, Bar No. 103252
   lacounsel@earthlink.net
2  Gretchen Carpenter, Bar No. 180525
   gcarpenter@strangeandcarpenter.com
3  John Ohanesian, Bar No. 258938
   johanesian@strangeandcarpenter.com
4  STRANGE & CARPENTER
   12100 Wilshire Blvd., Suite 1900
5  Los Angeles, California 90025
   Tel:  (310) 207-5055
6  Fax: (310) 826-3210

7  Attorneys for Plaintiff

8

9            IN THE UNITED STATES DISTRICT COURT

10        FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                                    Case No.:   CV10   1363   RGWL   (Ex)

12  KRISTA M. KYLE, on behalf of       CLASS ACTION COMPLAINT FOR
    herself and all others similarly   1) VIOLATION OF CALIFORNIA'S
13  situated,                          UNFAIR COMPETITION LAW [CAL.
                                       BUS. & PROF. CODE §§ 17200, *ET*
14            Plaintiff,               *SEQ.*];
                                       2) VIOLATION OF CALIFORNIA'S
15  v.                                 FALSE ADVERTISING LAW [CAL.
                                       BUS. & PROF. CODE §§ 17500, *ET*
16                                     *SEQ.*];
    AT&T MOBILITY, LLC; and            3) VIOLATION OF CALIFORNIA'S
17  DOES 1 through 10.                 CONSUMERS LEGAL REMEDIES
                                       ACT [CAL. CIVIL CODE §§ 1750, *ET*
18            Defendant.               *SEQ.*];
                                       4) VIOLATION OF STATE UNFAIR
19                                     COMPETITION LAWS; AND
                                       5) COMMON LAW UNJUST
20                                     ENRICHMENT

21

22                                     CLASS ACTION

23

24                                     DEMAND FOR JURY TRIAL

25

26

27

28

1   PLAINTIFF, on her own behalf and on behalf of the below-defined classes she
2   respectively seeks to represent, upon personal knowledge as to herself and her own
3   acts, and upon information and belief as to all other matters, alleges in support of this
4   Class Action Complaint ("Complaint") against defendant AT&T Mobility, LLC
5   ("AT&T Mobility" or "Defendant"), as follows:

## I.      NATURE OF THE ACTION

7   1.      Plaintiff brings this action individually and as the proposed
8   representative of nationwide and California classes comprised of persons who (i)
9   contracted with AT&T Mobility to purchase Internet access through either a cellular
10  phone service plan offered by Defendant or through an AT&T Mobility datacard, and
11  (ii) were charged a fee by AT&T Mobility that was represented on the bill to be a
12  state or local tax on such Internet access.  AT&T Mobility made this representation
13  even though it knew that each such state imposed no tax on internet access because
14  such a tax was preempted by federal legislation – entitled the Internet Tax Freedom
15  Act, 47 U.S.C. § 151 note § 1100, *et seq.* (1998) and/or certain state statutes
16  pertaining to such taxation.[1]

17  2.      AT&T Mobility's systematic and unlawful misrepresentation that the fee
18  it collects under the "tax" heading on its bills is, in fact, a required governmental tax
19  has cost Plaintiff and the other members of the proposed class hundreds of millions of
20  dollars.

21  3.      AT&T Mobility also fraudulently conceals its conduct by not breaking
22  out which portions of customers' bills are being taxed and at what rate(s).  AT&T
23  Mobility provides only a single tax charge that covers the tax allegedly owed for all

---

[1]*See, e.g.,* GA. CODE ANN. § 48-8-13 (2009); 35 ILL. COMP. STAT. 630/3 (2009);
IOWA CODE § 423.2 (2010); KAN. STAT. ANN. § 79-3603(B) (2007); MO. REV.
STAT. §§ 144.010 *et seq.* (2010); NEB. REV. STAT. § 77-2703.04 (2009); N.J. STAT.
ANN. § 54:32B (West 2009); OHIO REV. CODE ANN. § 5739.02 (West 2009); OKLA.
STAT. tit. 68, § 1354(A) (2009); TEX. TAX CODE ANN. § 151.0101 (2001) & §
151.325 (2009).

1   parts of the bill, whether for voice service, messaging, or Internet-related data

2   services.

3       4.      AT&T Mobility's unlawful assessment and collection of a fee falsely

4   represented to be a required government tax constitutes a violation of consumer fraud

5   and/or unfair and deceptive business practice acts under state law, and unjust

6   enrichment.

7       5.      Other than the claim under California's Consumers Legal Remedies Act

8   (under which Plaintiff does not currently seek damages), Plaintiff seeks to recover for

9   herself and for the other members of the proposed class and/or subclasses (if

10  applicable) restitution and/or damages in the amount of the state and local sales tax

11  improperly charged by AT&T Mobility on sales of Internet access, punitive damages

12  and injunctive relief, together with costs, expenses and attorneys' fees incurred in this

13  action.

## II.   PARTIES

14

15  *Plaintiff*

16      6.      Plaintiff, a resident of the State of California, is an individual consumer

17  who is a customer of AT&T Mobility.  Plaintiff purchased from AT&T Mobility a

18  wireless data plan that permits access to the Internet via a wireless device.  Plaintiff

19  seeks to represent and pursue claims on her own behalf, on behalf of a nationwide

20  class and on behalf of the California State Class (as defined below), under the

21  applicable laws pertaining to those claims.

22  *Defendant*

23      7.      AT&T Mobility is a Delaware corporation in good standing and is

24  authorized to do business in California, as well as in all other states implicated in this

25  Complaint.  AT&T Mobility maintains its principal place of business at 5565

26  Glenridge Connector, Glenridge Two, Atlanta, Georgia.

27      8.      The true names and capacities of the Defendants sued herein as DOE

28  DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who

therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend her Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

### III.   JURISDICTION AND VENUE

9.   This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of California including, but not limited to, the marketing and sale of Internet access services via its cellular network in this District. Additionally, AT&T Mobility has specifically sold and contracted cellular service with internet access within this District to Plaintiff and regularly sends bills to Plaintiff's address containing misrepresentations, and the payments made by Plaintiff resulting from the conduct are initiated within this judicial District.

10.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) of the Class Action Fairness Act of 2005 ("CAFA"), because Plaintiff brings this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, Plaintiff and certain members of the class are citizens of different states than Defendant and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

11.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant inhabits, transacts business in, resides in, is found in, or has an agent in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

### IV.   COMMON FACTUAL ALLEGATIONS

12.   AT&T Mobility markets and sells several types of plans that provide access to the Internet wirelessly over its cellular network through a cellular telephone or a datacard built into or externally inserted into a computer.  The datacard allows the user to connect a computer to the Internet wirelessly via a radio device embedded in the computer or through a device that connects to the computer via a PCMCIA

card or USB port.  Datacards do not transmit voice or pictures independently of the Internet.  Consumers throughout the United States purchase wireless Internet access from AT&T Mobility.

13.     AT&T Mobility is the exclusive seller of cellular service for the wildly popular and successful iPhone, and it has sold service for over 40 million iPhones alone.  Each iPhone comes with a data plan that includes internet access, and AT&T Mobility has collected sales tax for the Internet access plan it has sold for each and every iPhone.

14.     When AT&T Mobility sells its wireless data plan to owners of smart phones, including the iPhone, AT&T Mobility includes internet access within the line item charge for a "data plan," as reflected on Plaintiff's monthly bills.  Plaintiff and the other members of the Class have purchased such data plans from AT&T Mobility.

15.     AT&T Mobility states the charges for these Internet access plans as a separate line item charge on the bills it sends to its customers, including Plaintiff and the other members of the Class.

16.     The Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, *et seq.* (1998), as amended, prohibits state and local governments from imposing taxes on Internet access.  "No State or political subdivision thereof shall impose any of the following taxes during the period beginning November 1, 2003, and ending November 1, 2014: . . . (1) Taxes on Internet access."

17.     Pursuant to the Internet Tax Freedom Act, the phrase "Internet access" is defined as: "(A) . . . a service that enables users to connect to the Internet to access content, information, or other services offered over the Internet; (B) includes the purchase, use or sale of telecommunications by a provider of a service described in subparagraph (A) to the extent such telecommunications are purchased, used or sold – (i) to provide such service; or (ii) to otherwise enable users to access content, information or other services offered over the Internet[.]" 47 U.S.C. § 151 note § 1105(5).

18.     Notwithstanding this prohibition on taxation of Internet access under federal law – and/or the corresponding state law restrictions precluding such taxation – AT&T Mobility improperly and illegally charges its customers – including Plaintiff and each of the other members of the Class – state and local sales tax on Internet access on its monthly bills.

19.     AT&T Mobility can reasonably identify its charges to Plaintiff and the other members of the Class for Internet access from the books and records it keeps in its regular course of business.  AT&T Mobility knows how much of its data plans are utilized for Internet-related and non-Internet-related purposes, as those terms are defined under the Act.  AT&T Mobility knows precisely how many minutes of Internet usage are associated with each of its customers' accounts, and AT&T Mobility knows the average ratio of Internet to non-Internet use averaged across the users of similarly bundled service packages.

20.     With respect to its unlimited, flat-fee data plans, AT&T Mobility knows, or is able to identify from the books and records it keeps in its regular course of business, what part of that flat fee covers Internet charges and what part of that flat fee covers other charges (if any).

## V.     CLASS ACTION ALLEGATIONS

21.     Plaintiff respectively brings this action against Defendant, pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, individually and on behalf of a nationwide class and a California class comprised of individuals or entities who, during the time period relevant to this action, entered into contracts with AT&T Mobility to obtain Internet access from AT&T Mobility through a smart phone or a wireless data card and who were charged tax by AT&T Mobility for that Internet access, on behalf of which Plaintiff respectively asserts claims against AT&T Mobility.  Excluded from the Class are the Court and its employees; AT&T Mobility; any parent, subsidiary, or affiliate of AT&T Mobility; all AT&T Mobility current employees; and governmental entities.

22.     The numerosity requirement of Fed. R. Civ. P. 23(a)(1) is satisfied because the members of the Classes are so numerous (and, with respect to the nationwide class, geographically dispersed) that joinder of all Class members is impracticable.  Plaintiff believes that there are millions of class members and, to the extent the Court chooses to create subclasses by state, at least thousands of members of each Class located throughout the respective states of each of those sub-classes.

23.     The commonality requirement of Fed. R. Civ. P. 23(a)(2) is satisfied because there are questions of law or fact common to the Classes, including but not limited to:

   a.  Whether AT&T Mobility charged and collected from Plaintiff and the Class sales tax on Internet access in violation of the Internet Tax Freedom Act, 47 U.S.C. § 151 note § 1100, *et seq.* (1998) (and the various state laws stated above);

   b.  Whether AT&T Mobility's improper charging and collection of sales tax on Internet access from Plaintiff and the other members of the class constitutes a violation of state consumer protection laws and/or deceptive trade practice acts, as applicable;

   c.  Whether AT&T Mobility was unjustly enriched by virtue of its wrongful conduct, as alleged herein, under the applicable state laws;

   d.  Whether Plaintiff and the other members of the class are entitled to compensatory, treble, and/or punitive damages; and

   e.  Whether Plaintiff and the other members of the class are entitled to declaratory, injunctive, or other equitable relief.

24.     The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied because Plaintiff's claims are typical of the claims of all other members the class as they have all sustained damages resulting from AT&T Mobility's charging of sales tax for Internet access.

1    25.    The adequacy requirement of Fed. R. Civ. P. 23(a)(4) is satisfied

2    because Plaintiff will fairly and adequately protect the interests of the members the

3    Class and has no interests that are antagonistic to or which conflict with those of the

4    other members of the Class.

5    26.    Plaintiff is committed to the vigorous prosecution of this action and has

6    retained competent counsel experienced in litigation of this nature to represent herself

7    and the other members of the Class.

8    27.    Absent a representative class action, members of the Class would

9    continue to suffer the harm described herein, for which they would have no remedy.

10   Even if separate actions could be brought by individual purchasers, the resulting

11   multiplicity of lawsuits would cause undue hardship and expense for both the Court

12   and the litigants, as well as create a risk of inconsistent rulings and adjudications that

13   might be dispositive of the interests of similarly situated purchasers, substantially

14   impeding their ability to protect their interests, while establishing incompatible

15   standards of conduct for AT&T Mobility.  The proposed Class satisfies the

16   requirements of Fed. R. Civ. P. 23(b)(1).  If necessary, Plaintiff proposes establishing

17   statewide subclasses to group similar state law claims.

18   28.    AT&T Mobility has acted or refused to act on grounds generally

19   applicable to Plaintiff and the Class, thereby rendering class certification and

20   injunctive or declaratory relief appropriate.  Certification under Fed. R. Civ. P.

21   23(b)(2) would, therefore, be appropriate.

22   29.    As explained above, numerous common questions of fact and law exist.

23   These questions predominate over any individual questions presented in this action.

24   The predominance requirement of Fed. R. Civ. P. 23(b)(3) is thus satisfied.

25   30.    A class action is the superior method for the fair and efficient

26   adjudication of this controversy.  Because the damages suffered by individual

27   members may be relatively small, the expense and burden of litigation would prevent

28   the members of the Class from individually redressing the wrongs done to them.

1  Where, as here, the size and nature of Class members' claims would allow few, if

2  any, members of the Class to seek legal redress against AT&T Mobility for the

3  wrongs complained of herein, a representative class action is both the appropriate

4  vehicle by which to adjudicate these claims and is essential to the interests of justice.

5  Furthermore, a class action creates no significant problems of manageability.  The

6  superiority and manageability requirements of Fed. R. Civ. P. 23(b)(3) are thus

7  satisfied.

8         31.    Plaintiff proposes that notice of this class action be provided by

9  individual mailings to class members and/or by publication in national and/or

10  regional publications.

## VI.   PLAINTIFF'S CLAIMS FOR RELIEF

## COUNT I

### Violation of the California Unfair Competition Law

### CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

### (Brought on behalf of the California State Class)

16        32.    Plaintiff, for the purposes of the California State Class's claims, repeats

17  and realleges Paragraphs 1-31 and Paragraphs 42-57, as though fully set forth herein.

18        33.    Plaintiff brings this claim on behalf of herself and all other purchasers of

19  AT&T Mobility's Internet data plans in the State of California.

20        34.    California's Unfair Competition Law, Division 7, Part 2, Chapter 5 of

21  the California Business & Professions Code (the "UCL"), prohibits unfair

22  competition, which it defines as any unlawful, unfair, or fraudulent business act or

23  practice; unfair, deceptive, untrue or misleading advertising; and any act prohibited

24  by the False Advertising Law, CAL. BUS. & PROF. CODE §§ 17500, *et seq.*

25        35.    AT&T Mobility in the course of its business, by its above-described

26  conduct, engaged in one or more acts characterized as "unlawful, unfair, or fraudulent

27  business act or practice," pursuant to CAL. BUS. & PROF. CODE § 17200.

28

36.     AT&T Mobility, by failing to inform Plaintiff and the other members of the California State Class that it intended to charge them – and did charge them – taxes not actually due and in collecting such taxes, employed an unlawful, unfair, or fraudulent business act or practice to defraud, mislead, and deceive and/or suppress material information regarding the characteristics of the transaction or the obligations pertaining therein; and failed to inform Plaintiff and the other members of the California State Class of a material fact in connection with the sale of goods or services in violation of California law.

37.     AT&T Mobility intended for Plaintiff and the other members of the California State Class to rely on its aforementioned unlawful, unfair, or fraudulent business acts and practices to the detriment of Plaintiff and the other members of the California State Class, and Plaintiff did so rely.  Such deceptive acts and practices occurred in the course of conduct involving trade or commerce thereby violating California law.·

38.     AT&T Mobility's violations of the California consumer protection laws caused Plaintiff and the other members of the Class to sustain substantial and ascertainable losses of money and/or property, in an amount to be determined at trial.

39.     AT&T Mobility continues to charge and collect from Plaintiff and the other members of the Class state and/or local taxes on its sale of Internet access to them.

40.     CAL. BUS. & PROF. CODE § 17203 permits the Court to enter injunctive relief to prevent AT&T Mobility from continuing to violate the law by charging and collecting state and local sales tax on its sales of Internet access to Plaintiff and the other members of the California State Class, and to restore to Plaintiff and all California State Class members all amounts owing to them.

41.     On behalf of herself and all persons similarly situated, Plaintiff requests injunctive relief, restitution, and disgorgement of appropriate monies for any violations thereof.

1

## COUNT II

2

### Violation of the California False Advertising Law

3

### CAL. BUS. & PROF. CODE §§ 17500, *et seq.*

4

### (Brought on behalf of the California State Class)

5    42.    Plaintiff, for the purposes of the California State Class's claims, repeats

6    and realleges Paragraphs 1-31, as though fully set forth herein.

7    43.    Plaintiff brings this claim on behalf of herself and all other purchasers of

8    AT&T Mobility's Internet data plans in the State of California.

9    44.    California's False Advertising Law, Division 7, Part 3, Chapter 1,

10   Article 1 of the California Business and Professions Code, makes it unlawful, in

11   connection with the sale of goods or services, to make or disseminate "any statement .

12   . . which is untrue or misleading, and which is known, or which by the exercise of

13   reasonable care should be known, to be untrue or misleading."

14   45.    AT&T Mobility in the course of its business, by its above-described

15   conduct, engaged in one or more acts characterized as "untrue or misleading,"

16   pursuant to CAL. BUS. & PROF. CODE §§ 17500, *et seq.*

17   46.    AT&T Mobility, by failing to inform Plaintiff and the other members of

18   the California State Class on its billing documents that it intended to charge them –

19   and did charge them – taxes not actually due and in collecting such taxes,

20   misrepresented, misled, and deceived and/or omitted or suppressed material

21   information regarding the truthfulness of the characteristics of the transaction or the

22   obligations pertaining therein.

23   47.    AT&T Mobility used or employed the unlawful practices described

24   above with the intent that Plaintiff and the other members of the California State

25   Class would rely thereupon, and Plaintiff did so rely.

26   48.    AT&T Mobility's violations of the California false advertising laws

27   caused Plaintiff and the other members of the California State Class to sustain

28

1  substantial and ascertainable losses of money and/or property, in an amount to be
2  determined at trial.

3      49.   On behalf of herself and all persons similarly situated, Plaintiff requests
4  restitution, rescission, and injunctive relief.

5  **COUNT III**

6  **Violation of the California Consumers Legal Remedies Act,**

7  **CAL. CIVIL CODE §§ 1750, *et seq.***

8  **(Brought on behalf of the California State Class)**

9      50.   Plaintiff, for the purposes of the California State Class's claims, repeats
10 and realleges Paragraphs 1-31, as though fully set forth herein.

11     51.   Plaintiff brings this claim on behalf of herself and all other purchasers of
12 AT&T Mobility's Internet data plans in the State of California.

13     52.   The California Consumers Legal Remedies Act, Division 3, Part 4, Title
14 1.5, Chapter 1 of the California Civil Code (the "CLRA"), was enacted to protect
15 consumers against unfair and deceptive business practices and to provide efficient
16 and economical procedures to secure such protection.  The CLRA is to be liberally
17 construed and applied to promote those purposes.

18     53.   AT&T Mobility in the course of its business, by its above-described
19 conduct, engaged in one or more acts characterized as "unfair methods of competition
20 and unfair or deceptive acts or practices," pursuant to CAL. CIVIL CODE § 1770,
21 hereinafter set forth, *inter alia*:

22       a.  CLRA § 1770(5): "Representing that goods or services have
23           sponsorship, approval, characteristics, ingredients, uses, benefits, or
24           quantities which they do not have . . . ";

25       b.  CLRA § 1770(14): "Representing that a transaction confers or
26           involves rights, remedies, or obligations which it does not have or
27           involve, or which are prohibited by law."

28

54. AT&T Mobility, by failing to inform Plaintiff and the other members of the California State Class that it intended to charge them – and did charge them – taxes not actually due and in collecting such taxes, misrepresented, misled, and deceived and/or omitted or suppressed material information regarding the characteristics of the transaction or the obligations pertaining therein; and failed to inform Plaintiff and the other members of the California State Class of a material fact in connection with the sale of goods or services in violation of California law.

55. AT&T Mobility used or employed the unfair or deceptive practices described above with the intent that Plaintiff and the other members of the California State Class would rely thereupon.

56. Plaintiff and the other members of the California State Class relied on AT&T Mobility's aforementioned deceptive acts and practices to the detriment of Plaintiff and the other members of the California State Class, and such deceptive acts and practices occurred in the course of conduct involving trade or commerce.

57. Plaintiff and the other members of the California State Class members seek an order enjoining AT&T Mobility's wrongful acts and practices. Plaintiff does not at present seek damages under this cause of action but intends to file an amended complaint in due course under Civil Code § 1782(d), also seeking damages, restitution, enhanced damages, and punitive damages under Civil Code §§ 1780(a)(1), (3) and (4) and 1780(b).

## COUNT IV

### Violation of State Unfair Competition Laws

58. Plaintiff repeats and realleges Paragraphs 1-31, as though fully set forth herein.

59. Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the United States.

60. AT&T Mobility had a statutory duty to refrain from unfair or deceptive acts or practices in connection with its sale of Internet data plans in the United States.

61.    Had AT&T Mobility not engaged in the deceptive conduct described above, Plaintiff would have acted differently.

62.    AT&T Mobility's deceptive, unconscionable or fraudulent representations and material omissions to consumers and the public, including Plaintiff and the Class members, constituted unfair and deceptive acts and practices in violation of the state consumer protection statutes listed below:

a.    AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. §§ 45.50.471, *et seq.*;

b.    AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. §§ 44-1522, *et seq.*;

c.    AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code §§ 4-88-101, *et seq.*;

d.    AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. §§ 6-1-105, *et seq.*;

e.    AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat.  §§ 2-1 10a, *et seq.*;

f.    AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code §§ 2511, *et seq.* and 2531, *et seq.*;

g.    AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code §§ 28-3901, *et seq.*;

h.    AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. §§ 501.201, *et seq.*;

i.    AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. §§ 480-1, *et seq.*;

j.    AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code §§ 48-601, *et seq.*;

k.    AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS §§ 505/1, *et seq.*;

l.      AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. §50-623, *et seq.*;

m.      AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. §§ 367.170, *et seq.*;

n.      AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. §§ 51:1401, *et seq.*;

o.      AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code §§ 13-101, *et seq.*;

p.      AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Comp. Laws Ann. §§ 445.90 1, *et seq.*;

q.      AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. §§ 325D.43, *et seq.*; 325 F.67, *et seq.*; and 325F.68, *et seq.*;

r.      AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Ann. Missouri Stat. §§ 407.010, *et seq.*;

s.      AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. §§ 59-1601, *et seq.*;

t.      AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. Ann. §§ 598.0903, *et seq.*;

u.      AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. §§ 358-A:1, *et seq.*;

v.      AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Rev. Stat. §§ 56:8-1, *et seq.*;

w.      AT&T Mobility has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. §§ 57-12-1, *et seq.*;

1        x.    AT&T Mobility has engaged in unfair competition or unfair or

2 deceptive acts or practices in violation of N.Y. Gen. Bus. Law §§ 349, *et seq.* and 350-e,

3 *et seq.*;

4        y.    AT&T Mobility has engaged in unfair competition or unfair or

5 deceptive acts or practices in violation of N.C. Gen. Stat. §§ 75-1.1, *et seq.*;

6        z.    AT&T Mobility has engaged in unfair competition or unfair or

7 deceptive acts or practices in violation of N.D. Cent. Code §§ 51-12-01, *et seq.*, and 51-

8 15-01, *et seq.*;

9        aa.    AT&T Mobility has engaged in unfair competition or unfair or

10 deceptive acts or practices in violation of Okla. Stat. §§ 15 751, *et seq.*;

11        bb.    AT&T Mobility has engaged in unfair competition or unfair or

12 deceptive acts or practices in violation of Or. Rev. Stat. §§ 6464.605, *et seq.*;

13        cc.    AT&T Mobility has engaged in unfair competition or unfair or

14 deceptive acts or practices in violation of 73 Pa. Stat. §§ 201-1, *et seq.*;

15        dd.    AT&T Mobility has engaged in unfair competition or unfair or

16 deceptive acts or practices in violation of R.I. Gen. Laws. §§ 6-13.1-1, *et seq.*;

17        ee.    AT&T Mobility has engaged in unfair competition or unfair or

18 deceptive acts or practices in violation of S.C. Code Laws §§ 39-5-10, *et seq.*;

19        ff.    AT&T Mobility has engaged in unfair competition or unfair or

20 deceptive acts or practices in violation of S.D. Codified Laws §§ 37-24-1, *et seq.*;

21        gg.    AT&T Mobility has engaged in unfair competition or unfair or

22 deceptive acts or practices in violation of 9 Vt. §§ 2451, *et seq.*;

23        hh.    AT&T Mobility has engaged in unfair competition or unfair or

24 deceptive acts or practices in violation of Va. Code §§ 59.1-196, *et seq.*;

25        ii.    AT&T Mobility has engaged in unfair competition or unfair or

26 deceptive acts or practices in violation of Wash. Rev. Code. §§ 19.86.0 10, *et seq.*; and

27        jj.    AT&T Mobility has engaged in unfair competition or unfair or

28 deceptive acts or practices in violation of Wis. Stat. §§ 100.20, *et seq.*

CLASS ACTION COMPLAINT

63.     Plaintiff and members of the Class relied upon AT&T Mobility's misrepresentations and/or omissions to their detriment.

64.     Plaintiff will provide any required notice to appropriate entities regarding AT&T Mobility's unfair and deceptive trade practices.[2]

65.     As a direct and proximate result of AT&T Mobility's wrongful conduct, Plaintiff and the Class members have been damaged.

66.     As a direct and proximate result of AT&T Mobility's wrongful conduct, Plaintiff and the Class are entitled to compensatory damages, treble or other statutory damages, attorneys' fees and cost of this suit.

## COUNT V

### Common Law Unjust Enrichment

67.     Plaintiff repeats and realleges Paragraphs 1-31, as though fully set forth herein.

68.     Plaintiff brings this claim on behalf of herself and all other purchasers of AT&T Mobility's Internet data plans in the United States.

69.     To the extent that AT&T Mobility retains any amount of the state and local sales tax it collects on its sale of Internet access to Plaintiff and the other members of the Class, AT&T Mobility has received a measurable benefit from Plaintiff and the other members of the Class during the relevant time period.

70.     To the extent AT&T Mobility retains such amounts, AT&T Mobility has knowingly appreciated and accepted this benefit, which has resulted and is continuing and/or may continue to result in an inequity to Plaintiff and the other members of the Class.

---

[2] After satisfaction of the notice requirements of the following States, Plaintiff will seek permission to add claims, under Count IV, for violation of the consumer protection laws of the following States: Indiana, Maine, Massachusetts, Texas, West Virginia and Wyoming.

71.   AT&T Mobility's appreciation and acceptance of any such benefit is inequitable. It would be unjust for AT&T Mobility to retain the above-described benefit.

72.   As a result of any unjust enrichment by AT&T Mobility, Plaintiff and the other members of the Class sustained damages in an amount to be determined at trial and seek full disgorgement and restitution of AT&T Mobility's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

## VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and respectively on behalf of the Class she seeks to represent, respectfully requests the following relief:

(a)  that the Court determine that this action may be maintained as a class action and certify Plaintiff to serve as a class representative;

(b)  that AT&T Mobility's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection, deceptive trade practice, and other statutory claims asserted, and the common law of unjust enrichment;

(c)  that Plaintiff and each of the other members of the Class be awarded restitution, damages and, where applicable, treble, multiple, disgorgement, or other damages – with interest – according to the laws of each of the states applicable to Class members;

(d) that Plaintiff and each of the other members of the Class recover the amounts by which AT&T Mobility has been unjustly enriched;

(e)  that AT&T Mobility be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;

(f)  that Plaintiff and each of the other members of the Class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

1    (g) that Plaintiff and each of the other members of the Class be granted such
2        other and further relief as the nature of the case may require or as this Court
3        deems just and proper.

4

5    Dated:  February 23, 2010                    Respectfully submitted,

6

7

8                                                 STRANGE & CARPENTER
9                                                 Brian R. Strange
                                                  Gretchen Carpenter
10                                                12100 Wilshire Boulevard, Suite 1900
                                                  Los Angeles, California 90025
11                                                Tel: (310) 207-5055
12                                                lacounsel@earthlink.net
13                                                gcarpenter@strangeandcarpenter.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims so triable.

Dated:  February 23, 2010

Respectfully submitted,

STRANGE & CARPENTER
Brian R. Strange
Gretchen Carpenter
12100 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
Tel: (310) 207-5055
lacounsel@earthlink.net
gcarpenter@strangeandcarpenter.com